The opinion of the court was delivered by
Egan, J.
The defendant was indicted for murder, and found guilty without capital punishment, and sentenced accordingly to the Penitentiary for life. He has appealed, and is unrepresented by counsel in this court. The errors complained of aré presented in bills of exceptions, accompanied by a motion for new trial, referred to in them.
The first objection was to an alleged separation 'of the jury while deliberating on the case. This separation consisted in two of the jurors-being permitted by the court to leave the jury room to attend to a call of nature, under the charge of a deputy sheriff, who testified that they spoke to no one, not even to him, while they were out. It would have been more regular and better had they not been permitted to separate from the other jurors, who should all have retired together. Too much caution can not be exercised in the trial of capital cases, especially to guard against the separation of the jury, and the consequent avoidance of verdict and trial. The court a qua refused a new trial, not considering the separation proved to be such as might be supposed to affect the verdict. In the State vs. Truber, 10 A. 501, this court said : “ The rule can not be extended to such temporary or necessary separations as may be necessarily anticipated, or must necessarily occur in the course of a protracted trial; ” and that, assuming the truth of the statements of the witnesses as to the facts of which the court below was the exclusive judge, it was not prepared to differ with its decision upon these facts as stated in the record, language which we may adopt in the present case.
Second. The jury, after deliberating, brought into court a verdict -of guilty, with a recommendation of the accused to the mercy of the *922 court, whereupon, at the suggestion of the district attorney, the judge told the jury: “If by that verdict they intended to say, “ guilty without capital punishment, they should retire again to their room, and bring in a verdict in accordance therewith which was objected to by defendant as “illegal, and a dictation to the jury of the guilt of the prisoner.” The recommendation to the mercy of the court did not vitiate the verdict of guilty as first brought in by the jury, and the court should have received the verdict, and had it recorded. It is difficult to perceive in what the accused was injured by the qualification of the verdict, without-capital punishment, as subsequently made by the jury; nevertheless, it-is possible that the change from the original verdict, which was in legal intendment a simple, unqualified verdict of guilty, to guilty without-capital punishment, may not have been wholly without moral effect, at-least in the subsequent stages of the case, and we think that in so grave a matter if he desired it, even because he preferred death to imprisonment for life, the accused was entitled to have the verdict entered as originally returned into court. Under that verdict the law gave-the judge no discretion as to the character of his sentence. The recommendation to mercy could not affect the sentence in a case in which the court had no discretion. Had the jury asked instructions as to the legal effect of the recommendation to the mercy of the court before announcing their verdict, it would have been proper for the judge to. give them, but not afterward to permit and invite a change in a legal verdict once, rendered. It was the province of the jury, and not of the court, to qualify the verdict, and we must presume that the judge a quo had so instructed them in his charge, as it was his duty to do. The power to-dictate or cause a change of verdict in a capital case is too dangerous to be sanctioned.
Third. It appears that the case of the prosecution rested at least largely on circumstantial evidence, there being no witnesses to the homicide, and that the State offered evidence of the quarrelsome character of the deceased, and of a quarrel a day or two before his death with the accused, who had. while in liquor, uttered threats against the deceased. 'Whereupon, on cross-examination of the State’s witness, the counsel for the accused offered to prove in rebuttal that the deceased had quarrels with other persons a few days previous to the murder, and that the persons with ■whom those quarrels were had had “ more reason for committing the murder than the accused; ” and asked the witness on the stand “ what other quarrels the deceased had besides that with the accused a short time previously with other persons;” whereupon, the State objecting that the evidence was irrelevant and inadmissible, the court refused to permit the question asked, or to hear the evidence, and the defendant excepted. It is not our province to consider what *923 was or what was not proven in the court below, or whether the conviction was justified by the evidence.
From the character of the evidence already offered by the State, as set forth in the bill, and in the absence of direct evidence of the commission of the homicide by the accused, we can very well see how the evidence offered might have had an important bearing upon the question at issue, and while neither the quarrelsome temper of the deceased; nor the fact of his having quarrels with other persons than the accused at other times, would under ordinary circumstances be receivable, or afford ground of defense when it became necessary for the State, as a link in the chain of circumstantial evidence, to trace to the accused a motive for the homicide in this previous quarrel with the deceased, we are not prepared to say how far the evidence rejected might have influenced the verdict, and we think it was competent for the defense to show the fact of the existence of similar or stronger motive in others to do the same act which, when coupled with other facts and circumstances, might point in another direction. At all events, in the absence of any counsel for the accused in this court and by reason of the other rulings already considered, we are disposed to give the accused the benefit of a new trial, and the opportunity to produce his evidence.
It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be and they are avoided and reversed, and the case remanded for new trial, according to law and the principles of this opinion.